IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DON FARMER,

    Petitioner,

v.    Civil Action No. 3:18CV715

BERNARD BOOKER,

    Respondent.

## MEMORANDUM OPINION

Don Farmer, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court of the City of Richmond, Virginia (hereinafter, "Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Farmer has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be GRANTED.

## I. PROCEDURAL HISTORY

In 1988, Lorenzo Williams was convicted of "the 1987 murder of Eathel Fraenzel ('the grandmother'), rape of P.F., and statutory burglary and robbery of P.F. or the grandmother or both." *Farmer v. Commonwealth*, 737 S.E.2d 32, 34 (Va. Ct. App. 2013). Williams's "accomplice remained at large until Farmer was identified through DNA evidence in 2010." *Id.* Thereafter, Farmer also was convicted of murder, rape, statutory burglary, and robbery in the Circuit Court. *Id.* Farmer appealed. On January 29, 2013, the Court of Appeals of Virginia affirmed his conviction. *Id.* On July 19, 2013, the Supreme Court of Virginia refused Farmer's petition for appeal. *Farmer v. Commonwealth*, No. 130379 (Va. July 19, 2013).

On June 26, 2014, Farmer, with counsel, filed a petition for a writ of habeas corpus in the Circuit Court. Petition for a Writ of Habeas Corpus 1, *Farmer v. Barksdale*, No. CL14–2586 (Va. Cir. Ct. filed June 26, 2014). In that petition, Farmer claimed that he was entitled to relief because he was denied the effective assistance of counsel. *Id.* at 5. Specifically, Farmer asserted that his trial counsel failed to inform him of a plea offer made by the prosecution after trial, but before sentencing. *Id.* at 4–5. On November 21, 2017, the Circuit Court denied Farmer's petition for a writ of habeas corpus. *Farmer v. Barksdale*, No. CL14–2586, at 23–24 (Va. Cir. Ct. Nov. 21, 2017).

On April 19, 2018, Farmer filed an untimely notice of appeal with the Circuit Court and requested an extension of time with respect to his untimely appeal. Notice of Appeal 1, *Farmer v. Barksdale*, No. CL14–2586 (Va. Cir. Ct. filed April 19, 2018); Letter 1, *Farmer v. Barksdale*, No. CL14–2586 (Va. Cir. Ct. filed April 19, 2018). On May 1, 2018, the Supreme Court of Virginia denied Farmer's request for an extension of time. *Farmer v. Barksdale*, (Va. May 1, 2018). On July 10, 2018, Farmer filed a Motion for an Extension of Time to Appeal with the Supreme Court of Virginia. Motion for Extension of Time 1, *Farmer v. Barksdale*, (Va. filed July 10, 2018). The Supreme Court of Virginia took no action on that motion.

On October 12, 2018, Farmer filed his § 2254 Petition with this Court.[1] In his § 2254 Petition, Farmer contends that he is entitled to relief upon the following grounds:[2]

Claim One  Farmer's indictments should have been quashed because the prosecutor had previously maintained that another individual committed the crimes. (§ 2254 Pet. 23.)

---

[1] This is the date that Farmer states that his § 2254 Petition was deposited in the prison mailing system (*see* § 2254 Pet. 71 (as paginated by CM/ECF)), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court employs the pagination assigned by CM/ECF for all citations to Farmer's filings. The Court corrects the capitalization from Farmer's submissions.

Claim Two    "The Due Process Clause prohibits prosecuting Farmer and Williams under inconsistent theories of who committed the rape." (*Id.* at 24.)

Claim Three    Insufficient evidence existed to convict Farmer of any crime. (*Id.* at 26.)

Claim Four    Farmer failed to receive the effective assistance of counsel because trial counsel failed to inform Farmer of a plea offer made by the prosecution prior to sentencing. (*Id.* at 42.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Farmer's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Farmer's convictions became final on Thursday, October 17, 2013, when the time for Farmer to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1). The limitation period began to run on Friday, October 18, 2013, and ran for 251 days before Farmer filed his state petition for a writ of habeas corpus with the Circuit Court on June 26, 2014.

The limitation period was stayed while the state habeas petition was pending with the Circuit Court. *See* 28 U.S.C. § 2254(d)(2). The limitation period began to run again on November 21, 2017, when the Circuit Court denied his state habeas petition and ran for another 324 days before Farmer filed his § 2254 Petition.[3] Because the limitations period ran for well over a year, Farmer's § 2254 Petition is untimely under § 2244(d)(1)(A).

### C. Belated Commencement

Farmer is not entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D) for Claim Four wherein he asserts that counsel failed to tell him about a plea offer tendered by the prosecution prior to sentencing. This provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.

---

[3] Because Farmer's notice of appeal of the Circuit Court's decision was not timely, Farmer "lacks entitlement to statutory tolling for the period in which he pursued his untimely appeal." *Ostrander v. Dir., Va. Dep't of Corr.*, No. 3:13CV634, 2014 WL 2170067, at *3 (E.D. Va. May 23, 2014) (citing *Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012); *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009); *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001).

§ 2244(d)(1)(D). The record reflects that Farmer knew of his attorney's failure to inform him of the plea offer in 2011, well before his conviction became final under 28 U.S.C. § 2244(d)(1)(A). Petition for a Writ of Habeas Corpus Exs. 2, 3, *Farmer v. Barksdale*, No. CL14–2586 (Va. Cir. Ct. filed June 26, 2014).

Accordingly, the statute of limitations bars Farmer's § 2254 Petition unless Farmer demonstrates entitlement to some equitable exception to the limitation period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). Although Farmer mentions various legal principles in his Response, (*see, e.g.*, ECF No. 10, at 22–26), he fails to tender any new reliable evidence of innocence or otherwise coherently demonstrate why his § 2254 Petition should be deemed timely filed. *See Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted) (emphasizing that actual innocence means factual innocence and not just legal insufficiency). Accordingly, the § 2254 Petition is barred by the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED. Farmer's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificated of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 23 July 2019
Richmond, Virginia

/s/ /s/
John A. Gibney, Jr.
United States District Judge